**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ANAS HAMZA, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:25-cv-00861-AJT-WEF |
| Plaintiff, | |
| v. | |
| MICROSTRATEGY INCORPORATED d/b/a STRATEGY, MICHAEL J. SAYLOR, PHONG LE, and ANDREW KANG, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF BRIAN MCCLEAVE'S MOTION FOR**
<u>**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**</u>

1

Brian McCleave ("McCleave") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order: (1) appointing McCleave as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving McCleave's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel and Butler Curwood PLC ("Butler Curwood") as Liaison Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons and entities that purchased or otherwise acquired MicroStrategy Incorporated d/b/a Strategy ("Strategy" or the "Company") securities between April 30, 2024 and April 4, 2025, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff"—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff, and provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is the most adequate plaintiff.

McCleave believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, McCleave satisfies the relevant requirements of Rule 23 as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, McCleave respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, McCleave's selection of GPM as lead counsel for the class and Butler Curwood as local counsel should be approved because GPM has substantial expertise in securities class actions and Butler Curwood has substantial experience in this District, and the firms together have the experience and resources necessary to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Strategy, together with its subsidiaries, provides enterprise analytics software and services purportedly powered by artificial intelligence ("AI"). Since 2020, the Company has increasingly focused on purchasing and holding bitcoin, a type of crypto-currency, as a long-term business strategy. In October 2023, this strategy became so central to the Company's operations that it began referring to itself as a "Bitcoin Treasury Company" that primarily uses proceeds from equity and debt financings, as well as cash flows from its operations, to accumulate bitcoin, which serves as its primary treasury reserve asset.

On April 7, 2025, Strategy disclosed that, following its adoption of Accounting Standards Update No. 2023-08 ("ASU 2023-08"), which requires publicly traded companies to measure their crypto assets at fair value in their financial statements, it recognized a $5.91 billion unrealized loss on its digital assets for the first quarter 2025. The Company warned that it "may not be able to regain profitability in future periods, particularly if [it] incur[s] significant unrealized losses related to [its] digital assets."

On this news, Strategy's stock price fell $25.47, or 8.7%, to close at $268.14 per share on April 7, 2025, thereby injuring investors.

Then, on May 1, 2025, Strategy released its first quarter 2025 financial results, confirming that it had recorded an unrealized fair value loss on digital assets of approximately $5.9 billion due to applying a fair value accounting methodology to Strategy's bitcoin assets following bitcoin's depreciation in value during the first quarter of 2025.

The complaint filed in this action alleges that throughout the Class Period, the Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the anticipated profitability of the Company's bitcoin-focused investment strategy and treasury operations was overstated; (2) the various risks associated with bitcoin's volatility and the magnitude of losses Strategy could recognize on the value of its digital assets following its adoption of ASU 2023-08  were understated; and (3) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of the Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    McCleave Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

4

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, McCleave satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. McCleave has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, McCleave is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, McCleave respectfully submits that he should be appointed lead plaintiff. *See Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 657-58 (E.D. Va. 2016).

### 1.     McCleave Filed a Timely Motion

McCleave has made a timely motion in response to a PSLRA notice. On May 16, 2025, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Paul M. Falabella in Support of Brian McCleave's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Falabella Decl."), Ex. A. Therefore, McCleave had sixty days (*i.e.*, until July 15, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Strategy securities during the Class Period, McCleave is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, McCleave attests that he has reviewed the complaint and is willing to serve as a representative of the class. *See* Falabella Decl., Ex. B. Accordingly, McCleave satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    McCleave Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  At the time of this filing, McCleave believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

As a result of the revelations described above, McCleave suffered substantial financial losses of approximately $183,588. *See* Falabella Decl., Ex. C. To the best of his knowledge, McCleave is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, McCleave believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *Knurr*, 220 F. Supp. 3d at 658.

### 3.    McCleave Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). "To establish that the requirements of Rule 23 are satisfied, the candidate must make at least a preliminary showing that it has claims which are typical of those of the putative class and that it has the capacity to provide adequate representation for others." *Kiken v. Lumber Liquidators Holdings, Inc.*, No. 13-cv-157, 2014 WL 12588686, at *2 (E.D. Va. July 14, 2014) (internal quotation marks and citation omitted). "[T]his inquiry is not as searching as the one triggered by a motion for class certification." *Id.* (internal quotation marks and citation omitted).

### a)    McCleave's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id* (citing *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000)).

McCleave's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, McCleave alleges that Defendants' material misstatements and omissions concerning Strategy's business, operations, and financial prospects violated the federal securities laws. McCleave, like all members of the class, purchased Strategy securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Accordingly, McCleave's interests and claims are "typical" of the interests and claims of the class.

### b)    McCleave Is an Adequate Representative

A person is an adequate representative of the class: "where that person (i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *Kiken*, 2014 WL 12588686, at *2 (citing *MicroStrategy*, 110 F. Supp. 2d at 435-36).

McCleave has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Falabella Decl., Ex. C. McCleave is also not aware of any conflict between his claims and those asserted on behalf of the class. As such, McCleave is well-equipped to represent the class and should be appointed as lead plaintiff.

### B.  The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d at 274. Here, McCleave has retained GPM as lead counsel and Butler Curwood as liaison counsel to pursue this litigation on his behalf and will retain the firms as the class's counsel in the event he is appointed lead plaintiff. GPM has decades of experience in securities class actions and has successfully prosecuted numerous actions on behalf of injured investors, as reflected in the firm's résumé attached to the Falabella Declaration as Exhibit D.

Butler Curwood has extensive experience in this District. Butler Curwood's partners have litigated hundreds of cases in the U.S. District Court for the Eastern District of Virginia. The partners at Butler Curwood have successfully litigated numerous complex, multi-plaintiff and collective/class actions in the Eastern District of Virginia, Richmond Division. *See e.g.*, *Rogers et al. v. City of Richmond*; 3:11-cv-620-HEH-DJN; *Greene et al. v. U.S. Postal Service*; 3:17-cv-26-REP; *Ewers et al. v. City of Petersburg*, 3:16-cv-29-HEH-RCY. Butler Curwood has also served as local counsel, working closely with lead counsel admitted in other jurisdictions, in complex, multi-plaintiff cases pending in the Eastern District of Virginia. *See e.g., Hall et al. v. Dominion Energy, Inc. et al.*, 3:18-cv-321-JAG, *Edwards et al. v. Optima Health Plan et al.*, 2:20-cv-192-RCY-LRL. Finally, the attorneys of Butler Curwood have experience serving in a liaison/local

counsel role in financial litigation such as this matter. *See In re Altria Group, Inc. Derivative Litigation,* 3:20-cv-00772-DJN, 339 F.R.D. 42 (E.D. Va. 2021) (appointing Butler Curwood, PLC as liaison counsel), *In re Comscore, Inc. Virginia Shareholder Derivative Litigation*, CL-2016-9465 (Fairfax Cir. Ct.). Butler Curwood's experience with this Court along with their depth in complex litigation and the local/liaison counsel experience all support appointment of Butler Curwood as local counsel in this Action.

The Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, McCleave respectfully requests that the Court grant his Motion and enter an Order (1) appointing McCleave as Lead Plaintiff; (2) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel and Butler Curwood PLC as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 15, 2025                **BUTLER CURWOOD PLC**

By:  */s/ Paul M. Falabella*
Paul M. Falabella (VSB No. 81199)
Craig J. Curwood (VSB No. 43975)
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com
        craig@butlercurwood.com

*Liaison Counsel for Brian McCleave and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100

9

Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Brian McCleave and Proposed Lead
Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*