UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANAS HAMZA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSTRATEGY INCORPORATED d/b/a STRATEGY, MICHAEL J. SAYLOR, PHONG LE, and ANDREW KANG,<br><br>Defendants. | Case No.  1:25-cv-00861-AJT-WEF |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MICHELLE CLARITY AND MEHMET CIHAN UNLUSOY FOR APPOINTMENT AS CO-LEAD PLAINTIFFS <u>AND APPROVAL OF SELECTION OF COUNSEL</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT .................................................................................................................................. 5

    I.    CLARITY AND UNLUSOY SHOULD BE APPOINTED
        CO-LEAD PLAINTIFFS ................................................................................................ 5

        A.    Clarity and Unlusoy Are Willing to Serve as Class
            Representatives and Have Timely Filed This Motion to
            Be Appointed Co-Lead Plaintiffs ................................................................. 6

        B.    Clarity and Unlusoy Have the "Largest Financial Interest." ....................... 6

        C.    Clarity and Unlusoy Otherwise Satisfy the Requirements of Rule 23 ........ 7

        D.    Clarity and Unlusoy Will Fairly and Adequately Represent
            the Interests of the Class and Are Not Subject to Unique Defenses. ......... 10

    II.   CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD
        BE APPROVED ........................................................................................................... 10

CONCLUSION ............................................................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) ................................................................................................9

*Bousso v. Spire Glob., Inc.*,
   No. 1:24-CV-01458-MSN-WEF, 2024 WL 4873311 (E.D. Va. Nov. 21, 2024).......................6

*Chamblee v. Terraform Power, Inc.*,
   No. PX 16-981, 2016 WL 4039178 (D. Md. July 28, 2016) .................................................7, 8

*Hirtenstein v. Cempra, Inc.*,
   Nos. 1:16cv1303 *et al.*, 2017 WL 2874588 (M.D.N.C. July 5, 2017).......................................7

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017).......................10

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001).......................................................................................................9

*In re Comverse Technology, Inc. Securities Litigation*,
   No. 1:06-cv-01825 (E.D.N.Y.) ................................................................................................11

*In re Microstrategy Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) ......................................................................................11

*In re Petrobras Securities Litigation*,
   No. 14-cv-09662 (S.D.N.Y.)....................................................................................................11

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
   219 F.R.D. 343 (D. Md. 2003)...................................................................................................7

*In re Wells Fargo & Co. Sec. Litig.*,
   No. 1:20-cv-04494-JLR-SN (S.D.N.Y.) ..................................................................................12

*Johnson v. Pozen, Inc.*,
   No. 1:07CV599, 2008 WL 474334 (M.D.N.C. Feb. 15, 2008) ............................................7, 8

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
   311 F.R.D. 373 (S.D.N.Y. 2015) .............................................................................................11

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
   No. 10-cv-00302-MRPMAN (C.D. Cal.) ................................................................................12

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
   No. 08-cv-8781 (HB) (S.D.N.Y.) ....................................................................................12

*New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Group, plc*,
   No. 08-cv-05310-DAB-HBP (S.D.N.Y.)..........................................................................12

*Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v.
   Emergent Biosolutions Inc.*,
   No. PWG-21-1189, 2021 WL 6072812 (D. Md. Dec. 23, 2021) ..............................6, 9

*Rice v. Genworth Fin. Inc.*,
   No. 3:17cv59, 2017 WL 3699859 (E.D. Va. Aug. 25, 2017) .......................................8

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986)........................................................................................8

*Robb v. Fitbit Inc.*,
   No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016) .......................10

*Rubin v. MF Global, Ltd.*,
   No. 08-cv-2233 (VM) (S.D.N.Y.)..................................................................................12

*Tchatchou v. India Globalization Cap., Inc.*,
   No. 8:18-CV-03396-PWG, 2019 WL 1004591 (D. Md. Feb. 28, 2019) ...................9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)..........................................................................11

**Statutes**

15 U.S.C. § 78u-4 .................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................... *passim*

Securities Exchange Act of 1934.................................................................................1, 7

**Rules**

Fed. R. Civ. P. 23..................................................................................................... *passim*

Michelle Clarity ("Clarity") and Mehmet Cihan Unlusoy ("Unlusoy") respectfully submit this memorandum of law in support of their motion pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Clarity and Unlusoy as Co-Lead Plaintiffs on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired MicroStrategy Incorporated d/b/a Strategy ("Strategy" or the "Company") securities between April 30, 2024 and April 4, 2025, both dates inclusive (the "Class Period"); and (2) approving proposed Co-Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Liaison Counsel for the Class.

**PRELIMINARY STATEMENT**

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act. Strategy investors, including Clarity and Unlusoy, incurred significant losses following the disclosure of the alleged fraud, which caused Strategy's share price to fall sharply, damaging Clarity, Unlusoy, and other Strategy investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with their purchases of Strategy stock during the Class Period, Clarity and Unlusoy collectively incurred losses of approximately $492,720. *See* Declaration of Steven J. Toll in Support of Motion ("Toll Decl."), Exhibit ("Ex.") A. Accordingly, Clarity and Unlusoy believe that they have the largest financial interest in the relief sought in this Action.

Beyond their considerable financial interest, Clarity and Unlusoy also meet the applicable requirements of Rule 23 because their claims are typical of those of absent Class members and because they will fairly and adequately represent the interests of the Class.

To fulfill their obligations as Co-Lead Plaintiffs and vigorously prosecute this Action on behalf of the Class, Clarity and Unlusoy have selected Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class. These firms and their attorneys are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' respective resumes.

Accordingly, Clarity and Unlusoy respectfully request that the Court enter an Order appointing them as Co-Lead Plaintiffs for the Class and approving their selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, Strategy, together with its subsidiaries, provides enterprise analytics software and services purportedly powered by artificial intelligence. Since 2020, the Company has increasingly focused on purchasing and holding bitcoin, a type of crypto-currency, as a long-term business strategy. In October 2023, this strategy became so central to the Company's operations that it began referring to itself as a "Bitcoin Treasury Company" that primarily uses proceeds from equity and debt financings, as well as cash flows from its operations, to accumulate bitcoin, which serves as its primary treasury reserve asset.

Throughout the Class Period, Defendants consistently touted Strategy's bitcoin-focused investment strategy and treasury operations. The Company also introduced several new key performance indicators ("KPIs")—namely, "BTC Yield," "BTC Gain," and "BTC $ Gain"— to measure its financial results. According to Defendants, these new KPIs would help the market

assess the Company's strategy of acquiring bitcoin in a manner accretive to shareholders.

On January 1, 2025, Strategy adopted the Financial Accounting Standards Board's ("FASB") Accounting Standards Update No. 2023-08, *Intangibles—Goodwill and Other— Crypto Assets (Subtopic 350-60): Accounting for and Disclosure of Crypto Assets* ("ASU 2023- 08"). ASU 2023-08 requires publicly traded companies to measure their crypto assets at fair value in their financial statements, with gains and losses from changes in the fair value of those assets recognized in net income in each reporting period. The FASB issued ASU 2023-08 to improve the way that companies account for their crypto assets and, accordingly, require them to provide a more accurate assessment of the fair value of those assets.

Prior to its adoption of ASU 2023-08, rather than employing a fair value accounting methodology, Strategy accounted for its bitcoin under a cost-less-impairment accounting model, whereby the Company classified its large bitcoin holdings as intangible assets. Under this accounting model, Strategy only needed to recognize impairments in the event of price depreciations and would not mark up for price increases unless the assets were sold.

While Defendants advised investors throughout the Class Period that they expected Strategy's adoption of ASU 2023-08 to materially impact its financial statements, Defendants failed to disclose the particular nature or scope of the expected impact while downplaying the attendant risks. Indeed, Defendants consistently provided rosy assessments of Strategy's performance as a bitcoin treasury company following its adoption of ASU 2023-08. They did this, in part, by reporting and projecting positive BTC Yield, BTC Gain, and BTC $ Gain results, while omitting the immense losses the Company could realize on its bitcoin assets after accounting for these assets under a fair value accounting methodology.

Throughout the Class Period, Defendants made materially false and misleading statements

3

regarding Strategy's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the anticipated profitability of the Company's bitcoin-focused investment strategy and treasury operations was overstated; (ii) the various risks associated with bitcoin's volatility and the magnitude of losses Strategy could recognize on the value of its digital assets following its adoption of ASU 2023-08 were understated; and (iii) as a result, Defendants' public statements were materially false and misleading at all relevant times.

On April 7, 2025, Strategy disclosed in a filing with the U.S. Securities and Exchange Commission that, following its adoption of ASU 2023-08, it recognized a ***$5.91 billion*** unrealized loss on its digital assets for the first quarter of 2025, which was expected to result in a net loss for the quarter. As a result, Strategy warned investors that "[w]e may not be able to regain profitability in future periods, particularly if we incur significant unrealized losses related to our digital assets."

On this news, Strategy's Class A common stock price fell $25.47 per share, or 8.67%, to close at $268.14 per share on April 7, 2025.

Then, on May 1, 2025, Strategy issued a press release announcing its financial results for the first quarter of 2025. Therein, the Company confirmed that it had recorded an unrealized fair value loss on digital assets of approximately $5.9 billion during the quarter. On a subsequent earnings call to discuss these results, Company management explained that this loss stemmed from applying a fair value accounting methodology to Strategy's bitcoin assets following bitcoin's steep depreciation in value in the first quarter of 2025.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Clarity, Unlusoy, and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. CLARITY AND UNLUSOY SHOULD BE APPOINTED CO-LEAD PLAINTIFFS

Clarity and Unlusoy should be appointed Co-Lead Plaintiffs because they have timely filed a motion for appointment as Co-Lead Plaintiffs, have the largest financial interest in this litigation to their knowledge, and otherwise satisfy the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Clarity and Unlusoy satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Co-Lead Plaintiffs for the Class.

### A. Clarity and Unlusoy Are Willing to Serve as Class Representatives and Have Timely Filed This Motion to Be Appointed Co-Lead Plaintiffs.

On May 16, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *ACCESS Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Strategy and other defendants, and advising investors in Strategy securities that they had until July 15, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. *See* Toll Decl., Ex. B.

Clarity and Unlusoy have timely filed the instant motion pursuant to the Notice, and they have attached sworn Certifications attesting that they are willing to serve as representatives for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Clarity and Unlusoy satisfy the first requirement to serve as Co-Lead Plaintiffs of the Class.

### B. Clarity and Unlusoy Have the "Largest Financial Interest."

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, Clarity and Unlusoy have the largest financial interest of any Strategy investor or investor group seeking to serve as Lead Plaintiff. Courts in the Fourth Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Bousso v. Spire Glob., Inc.*, No. 1:24-CV-01458-MSN-WEF, 2024 WL 4873311, at *4 (E.D. Va. Nov. 21, 2024); *Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, No. PWG-21-1189, 2021 WL 6072812, at *4-5 (D. Md. Dec. 23, 2021).

In connection with their purchases of Strategy stock during the Class Period, Clarity and Unlusoy collectively incurred losses of approximately $492,720. *See* Toll Decl., Ex. A. To the extent that Clarity and Unlusoy possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

C.    **Clarity and Unlusoy Otherwise Satisfy the Requirements of Rule 23.**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

In determining whether lead plaintiff movants satisfy Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, at this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *Chamblee v. Terraform Power, Inc.*, No. PX 16-981, 2016 WL 4039178, at *2 (D. Md. July 28, 2016); *Hirtenstein v. Cempra, Inc.*, Nos. 1:16cv1303 *et al.*, 2017 WL 2874588, at *4 (M.D.N.C. July 5, 2017).

"The requirement of typicality is satisfied if the [lead plaintiff] movant's claim arises from the same course of events as those of the other potential class members and relies on similar legal theories to prove the defendants' liability." *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003); *see also Johnson v. Pozen, Inc.*, No. 1:07CV599, 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008). Clarity and Unlusoy's claims are typical of those of the Class. Clarity and Unlusoy allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Strategy, or by omitting to state material facts necessary to make the statements they did make not misleading. Clarity and Unlusoy, like other Class members, purchased Strategy

7

stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove Strategy's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"Adequate representation requires a finding that the purported class representative and its attorney are capable of pursuing the litigation and that neither has a conflict of interest with other class members." *Pozen*, 2008 WL 474334, at *2; *see also Terraform*, 2016 WL 4039178, at *2 (appointing lead plaintiffs that "demonstrated that they will 'fairly and adequately protect the interests of the class,' and 'ensure vigorous advocacy'" (quoting *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986))); *Rice v. Genworth Fin. Inc.*, No. 3:17cv59, 2017 WL 3699859, at *7 (E.D. Va. Aug. 25, 2017). Here, as set forth in greater detail below, in Pomerantz and Cohen Milstein, Clarity and Unlusoy have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submit their choice of Pomerantz and Cohen Milstein to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz and Cohen Milstein, Clarity and Unlusoy are also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation which is not seeking appointment or a role as lead or liaison counsel. There is no evidence of antagonism or conflict between Clarity and Unlusoy's interests and those of the Class. Moreover, Clarity and Unlusoy have submitted sworn Certifications declaring their commitment to protect the interests of the Class (*see* Toll Decl., Ex. C), and their significant financial interest demonstrates that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.

Further, Clarity and Unlusoy constitute an appropriate movant duo of the type routinely appointed to serve as co-lead plaintiffs. *See, e.g.*, *Palm Tran*, 2021 WL 6072812, at *5 (appointing movant duo, finding "[n]ot having a pre-litigation relationship does not disqualify a group, and the parties here represent that they chose to work together based on their mutual shared interests in maximizing the Class's recovery" (internal quotation marks omitted)); *Tchatchou v. India Globalization Cap., Inc.*, No. 8:18-CV-03396-PWG, 2019 WL 1004591, at *7-9 (D. Md. Feb. 28, 2019) (appointing group of seven as lead plaintiff under the PSLRA); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiffs); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

Clarity and Unlusoy likewise have demonstrated their adequacy because they are a cohesive duo who have submitted a Joint Declaration attesting to, *inter alia*, their respective backgrounds and investing experience, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, their decision to seek appointment jointly as co-lead plaintiffs, and the steps that each of them are prepared to take to cooperatively prosecute this litigation on behalf of the Class. *See* Toll Decl., Ex. D. Courts routinely appoint more than one investor as co-lead plaintiffs pursuant to the PSLRA under such circumstances. *See, e.g.*, *Palm Tran*, 2021 WL 6072812, at *5-6 (appointing two investors as co-lead plaintiffs under the PSLRA where they "submitted a joint declaration attesting to their discussions with one another and with counsel regarding their joint motion, their understanding of their responsibilities, and their readiness to take on those responsibilities"); *Tchatchou*, 2019 WL 1004591, at *8 (appointing investor group that submitted a declaration that "signals to [the court] that [the group]'s members are prepared to

9

play an active role in this litigation and to monitor the actions of their selected counsel"); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four unrelated investors that submitted a declaration attesting "it is prepared to work cooperatively to serve the best interests of the class"); *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *4, *7 (N.D. Cal. May 10, 2016) (appointing group of five unrelated investors that submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus").

### D. Clarity and Unlusoy Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses.

The presumption favoring Clarity and Unlusoy's appointment as Co-Lead Plaintiffs may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Clarity and Unlusoy's ability and desire to fairly and adequately represent the Class has been discussed above. Clarity and Unlusoy are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, Clarity and Unlusoy should be appointed Co-Lead Plaintiffs for the Class.

## II. CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain counsel for the class, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." *Id.* § 78u-

4(a)(3)(B)(iii)(II)(aa); *see also In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000) ("[A] district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources[.]"); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, Clarity and Unlusoy have selected Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Toll Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.*

11

Likewise, Cohen Milstein is well-qualified to serve as Liaison Counsel for the Class. As its firm resume reflects, Cohen Milstein has worldwide expertise as counsel for U.S. and non-U.S. institutional investors who have been the victims of securities fraud. By applying innovative legal theories and litigation strategies, it has recovered billions of dollars for its clients in some of the largest and most complex securities class actions. Significant securities settlements obtained by Cohen Milstein, acting as lead or co-lead counsel, include a $1 billion recovery in a securities class action against Wells Fargo & Co., the seventeenth-largest securities class action recovery in U.S. history (*In re Wells Fargo & Co. Sec. Litig.*, No. 1:20-cv-04494-JLR-SN (S.D.N.Y.)); a $500 million settlement in the Countrywide mortgage-backed securities ("MBS") class action (*Maine State Ret. Sys. v. Countrywide Fin. Corp.*, No. 10-cv-00302-MRPMAN (C.D. Cal.)); a $275 million settlement in an MBS class action against the Royal Bank of Scotland (*New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Group, plc*, No. 08-cv-05310-DAB-HBP (S.D.N.Y.)); $335 million in settlements in a class action against Residential Accredit Loans, Inc. and various investment banks (*New Jersey Carpenters Health Fund v. Residential Capital, LLC*, No. 08-cv-8781 (HB) (S.D.N.Y.)); and a $90 million settlement in a class action against MF Global (*Rubin v. MF Global, Ltd.*, No. 08-cv-2233 (VM) (S.D.N.Y.)), among others. *See* Toll Decl., Ex. F. Cohen Milstein's attorneys have experience in achieving substantial recoveries in class actions, and they have extensive familiarity with the Local Rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Clarity and Unlusoy's counsel, Pomerantz and Cohen Milstein, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Clarity and

Unlusoy's selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Clarity and Unlusoy respectfully request that the Court issue an Order: (1) appointing them as Co-Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

Dated: July 15, 2025                                          Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers
(*pro hac vice* application forthcoming)
S. Douglas Bunch
(*pro hac vice* application forthcoming)
1100 New York Avenue, N.W. Suite 800
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Counsel for Co-Lead Plaintiff Movants Michelle Clarity and Mehmet Cihan Unlusoy and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants Michelle Clarity and Mehmet Cihan Unlusoy and Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Co-Lead Plaintiff Movants Michelle Clarity and Mehmet Cihan Unlusoy*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 15, 2025.

*/s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)
