**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| ANAS HAMZA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MICROSTRATEGY INCORPORATED d/b/a STRATEGY, MICHAEL J. SAYLOR, PHONG LE, and ANDREW KANG, <br><br> Defendants. | Case No. 1:25-cv-00861-AJT-WEF |

**RESPONSE TO ORDER TO SHOW CAUSE**

1

Lead Plaintiff Movant Brian McCleave ("McCleave") submits this response to the Court's Order to show cause (Dkt. No. 13) why *Hamza v. MicroStrategy* (No. 1:25-cv-00861-AJT-WEF) (the "*Hamza* Action") should not be consolidated with the two related derivative actions: *Palmer v. Saylor* (No. 1:25-cv-01040-AJT-WBP), and *Chen v. Saylor* (1:25-cv-01066-AJT-WBP) (collectively, the "Derivative Actions").

McCleave opposes consolidation of the *Hamza* Action with the Derivative Actions. *Hamza* alleges class claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ***against*** MicroStrategy Incorporated and certain executives. The Derivative Actions, in contrast, allege derivative claims ***on behalf of*** MicroStrategy Incorporated against certain executives and directors of the company. As such, the respective plaintiffs' claims are in conflict. For this reason, the Court should decline to consolidate the *Hamza* Action with the Derivative Actions. *See Galbraith on behalf of Force Prot., Inc. v. Kavanaugh*, 2009 WL 10678832, at *3 (D.S.C. Mar. 31, 2009) (declining to consolidate class action with derivative actions in part because in the securities action litigation "damage claims are asserted against Force Protection" but "the derivative cases seek recovery on behalf of Force Protection"); *see also In re Mun. Mortg. & Equity, LLC, Sec. & Derivative Litig.*, 2008 WL 11363375, at *2 (D. Md. Aug. 27, 2008) (coordinating, but not consolidating, the class actions with the derivative actions); *Zhang v. Aterian et al.*, 2021 WL 5113141, at *1 (S.D.N.Y. Nov. 3, 2021) (deconsolidating securities and derivative actions upon derivative plaintiffs' objection).

In fact, "[t]he vast majority of courts that have addressed the issue of whether a shareholder derivative action can be consolidated into a single action with a securities fraud class action involving the same company and the same set of operative facts have held that such consolidation is improper." *Force Protection*, 2009 WL 10678832, at *3; *see also In re Bear Stearns Cos. Sec.,*

*Deriv. & ERISA Litig.*, 2009 WL 50132, at \*5 (S.D.N.Y. Jan. 5, 2009) (recognizing that the "more common approach" is to allow the actions to proceed separately) (collecting cases). The same result is warranted here.

For these reasons, the *Hamza* Action should not be consolidated with the Derivative Actions.[1]

Respectfully submitted,

DATED: July 28, 2025

**BUTLER CURWOOD PLC**

By: */s/ Paul M. Falabella*
Paul M. Falabella (VSB No. 81199)
Craig J. Curwood (VSB No. 43975)
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com
craig@butlercurwood.com

*Liaison Counsel for Brian McCleave and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Brian McCleave and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847

---

[1] McCleave is not a party to the Derivative Actions and takes no position as to whether the Derivative Actions should be consolidated with each other.

Facsimile: (215) 638-4867

*Additional Counsel*