UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANAS HAMZA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSTRATEGY INCORPORATED d/b/a STRATEGY, MICHAEL J. SAYLOR, PHONG LE, and ANDREW KANG,<br><br>Defendants. | Case No.  1:25-cv-00861-AJT-WEF |

**RESPONSE TO ORDER TO SHOW CAUSE RE: CONSOLIDATION (DKT. NO. 13)**

Plaintiff Anas Hamza ("Plaintiff") hereby responds to the Court's Order to show cause (the "Order") (Dkt. No. 13) as to why the above-captioned securities fraud class action (the "Securities Class Action") and two shareholder derivative actions pending before this Court, styled *Parmar v. Saylor et al.*, No. 1:25-cv-01040-AJT-WBP (the "*Parmar* Action"), and *Chen v. Saylor et al.*, No. 1:25-cv-01066-AJT-WBP (the "*Chen* Action" and, together with the *Parmar* Action, the "Derivative Actions"), should not be consolidated for all purposes under the first-filed Securities Class Action.

Plaintiff respectfully submits that, at most, it is appropriate to coordinate the Securities Class Action and Derivative Actions rather than consolidating those actions. Where substantively the same allegations and facts concurrently give rise to both securities class action and derivative claims, courts have declined to consolidate such actions because of, *inter alia*, inherent conflicts of interest between securities class action plaintiffs and derivative action plaintiffs, and the distinct nature of the legal claims at issue. *See Galbraith on behalf of Force Prot., Inc. v. Kavanaugh*, No. 2:08-1904-CWH, 2009 WL 10678832, at *3-4 (D.S.C. Mar. 31, 2009) (refusing to consolidate and, instead, coordinating securities class action and derivative actions involving the same company because, *inter alia*, the securities class action's "damage claims are asserted against" the company whereas "the derivative cases seek recovery on behalf of" the same company, and "[d]erivative claims and claims under the federal securities laws are each subject to differing requirements governing threshold issues such as standing and the legal sufficiency of the plaintiffs' allegations"); *In re Centerline Holding Co. Sec. Litig.*, No. 08 CIV. 1026 (SAS), 2008 WL 1959799, at *3 (S.D.N.Y. May 5, 2008) (refusing to consolidate securities class actions with derivative actions and coordinating them instead because plaintiffs in securities class actions and derivative actions "have conflicting interests"); *see also In re Mun. Mortg. & Equity, LLC, Sec. &*

1

*Derivative Litig.*, No. MDL 08–MD–1961, 2008 WL 11363375, at *1-2 (D. Md. Aug. 27, 2008) (consolidating five securities class actions and coordinating, but not consolidating, those actions with five derivative suits "that include (but are not limited to) matters that are also present in the Class Actions"); *DCG & T ex rel. Battaglia/Ira v. Knight*, 68 F. Supp. 3d 579, 584 (E.D. Va. 2014) ("A class action differs significantly from a derivative suit, because a class action asserts a direct claim on behalf of class members who have suffered harm, not on behalf of the corporation.").

Here, as the Court's Order acknowledges, "there is substantial overlap between the three actions, including the parties, alleged conduct, and claims at issue in th[e] Derivative Action[s] and the Securities Class Action—insofar as both cases arise from the same alleged misstatements, both name numerous common defendants, and each assert liability under Section 10(b) of the Securities Exchange Act of 1934" (the "Exchange Act").  Dkt. No. 13 at 2.  However, Plaintiff and other members of the putative Class alleged in the Securities Class Action have interests that directly conflict with those of the plaintiffs at issue in the Derivative Actions.  In particular, the Securities Class Action is brought ***against*** MicroStrategy Incorporated d/b/a Strategy ("Strategy" or the "Company") to recover damages for the Class caused by the Company's alleged fraudulent conduct, whereas the Derivative Actions were brought "***for the benefit of***" the Company to seek redress for harm ***to*** the Company.  *See* Dkt. No 1 ¶¶ 1, 17, 74-82; *Parmar* Action, Dkt. No. 1 ¶ 115 ("Plaintiff brings this action . . . ***for the benefit of Strategy***[.]"  (emphasis added)); *Chen* Action, Dkt. No. 2 ¶ 100 ("Plaintiff brings this action . . . ***for the benefit of the Company***[.]"  (emphasis added)).

Moreover, while there is some overlap of claims—specifically, allegations arising under Section 10(b) of the Exchange Act—which arise from similar facts and conduct by overlapping defendants, the nature of those claims are distinct and differ significantly such that consolidation

is inappropriate. Specifically, the Derivative Actions invoke Section 10(b) solely against defendants Michael J. Saylor, Phong Le, and Andrew Kang (collectively, the "Individual Defendants") for contribution, arguing that "Strategy is entitled to receive all appropriate contribution or indemnification from [the Individual] Defendants[.]" *Parmar* Action, Dkt. No. 1 ¶ 171; *Chen* Action, Dkt. No. 2 ¶ 147. Conversely, the Securities Class Action invokes Section 10(b) **against Strategy** and the Individual Defendants for, *inter alia*, "a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class[.]" Dkt. No. 1 ¶ 75. The Derivative Actions also allege claims against the Individual Defendants for breach of fiduciary duties, aiding and abetting, unjust enrichment, abuse of control, gross mismanagement, and waste of corporate assets, as well as involve claims of, *inter alia*, demand futility and damages suffered by Strategy—none of which are at issue in the Securities Class Action. *See Parmar* Action, Dkt. No. 1 ¶¶ 109-14, 118-66; *Chen* Action, Dkt. No. 2 ¶¶ 100-42.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Securities Class Action and Derivative Actions should, at most, be coordinated in tandem and not consolidated for any purpose.

Dated: July 28, 2025                    Respectfully submitted,

**COHEN MILSTEIN SELLERS
& TOLL PLLC**

*/s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers
(*pro hac vice* application forthcoming)
S. Douglas Bunch

(*pro hac vice* application forthcoming)
1100 New York Avenue, N.W. Suite 800
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application pending)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically

to the registered participants as identified on the Notice of Electronic Filing on July 28, 2025.

*/s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)

5