UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANAS HAMZA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MICROSTRATEGY INCORPORATED d/b/a STRATEGY, MICHAEL J. SAYLOR, PHONG LE, and ANDREW KANG,<br><br>Defendants. | Case No. 1:25-cv-00861-AJT-WEF |

**BRIAN MCCLEAVE'S OPPOSITION TO THE MOTION OF MICHELLE CLARITY AND MEHMET CIHAN UNLUSOY FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL**

1

Lead Plaintiff Movant Brian McCleave ("McCleave") submits this memorandum of law in opposition to the Motion of Michelle Clarity ("Clarity") and Mehmet Cihan Unlusoy ("Unlusoy," and with Clarity, the "Clarity/Unlusoy Group") for Appointment as Co-Lead Plaintiffs and Approval of Selection of Counsel (Dkt. No. 10). McCleave should be appointed as lead plaintiff and his selection of counsel should be approved because he is the *bona fide* movant with the largest financial interest in the outcome of this action, and both he and his counsel are adequate to represent the class.

**I.     INTRODUCTION**

Only McCleave and the Clarity/Unlusoy Group filed motions for appointment as lead plaintiff and approval of their respective selections of counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. Nos. 7, 10. Since the Clarity/Unlusoy Group claims a larger loss than McCleave,[1] and therefore a larger financial interest, the group is entitled to the presumption that it is the most adequate plaintiff to be appointed as lead plaintiff. *See DeLuca v. Instadose Pharma Corp.*, 2022 WL 3020417, at *3 (E.D. Va. July 29, 2022) ("Courts typically use net loss when determining which movant has the greatest financial stake in the litigation."); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption may be rebutted, however, by a showing that the group "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the Clarity/Unlusoy Group is subject to unique defenses. Specifically, Clarity sold all her shares before the alleged corrective disclosure. As such, the defendants will be able to argue that she cannot demonstrate loss causation, which is an essential

---

[1] *See* Dkt. No. 9-3 (McCleave's loss chart, calculating a loss of $183,588); Dkt. No. 12-1 (the Clarity/Unlusoy Group's loss chart, calculating a collective loss of $492,720).

element of a securities fraud claim,[2] because her loss was not caused by the disclosure of the fraud. Accordingly, any presumption that the Clarity/Unlusoy Group is the most adequate plaintiff is rebutted and their motion should be denied.

Since McCleave has the next largest financial interest in the relief sought by the class, and is adequate and typical, the most adequate plaintiff presumption moves to him. Since no other movant will be able to demonstrate that McCleave "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses" (15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)), he should be appointed as lead plaintiff and his selection of counsel should be approved.

## II.   THE PRESUMPTION THAT THE CLARITY/UNLUSOY GROUP IS THE MOST ADEQUATE PLAINTIFF IS REBUTTED BECAUSE THE GROUP IS SUBJECT TO UNIQUE DEFENSES THAT RENDER IT INADEQUATE

A unique defense need not be ironclad to be disqualifying. If a movant is **subject** to the defense such that the defense might become the focus of the litigation and distract from the more central class-wide issues, that is sufficient to disqualify the movant at this stage. *See In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239, at *7 (S.D. Cal. Oct. 11, 2002) ("[W]hether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members.") (quoting *Landry v. Price Waterhouse Chartered Accountants*, 123 F.R.D. 474, 476 (S.D.N.Y. 1989)); *In re Hebron Tech. Co., Ltd. Sec. Litig.*, 2020 WL 5548856, at *7 (S.D.N.Y. Sept. 16, 2020) ("[T]he Court need not conclude that the defense is likely to or will succeed."); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) (disqualifying a lead plaintiff movant who was merely

---

[2] *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341 (2005) ("[T]he action's basic elements include: . . . "*loss causation*," *i.e.*, a causal connection between the material misrepresentation and the loss.").

"vulnerabl[e]" to a unique defense that may or may not be successful, reasoning that the potential for the unique defense was "sufficient to dispute his adequacy and typicality") (citing *Applestein v. Medivation Inc.*, 2010 WL 3749406, at *4 (N.D. Cal. Sept. 20, 2010)); *In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) ("There is no requirement at this early stage to prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial.").

Here, Clarity is subject to the unique defense that she cannot demonstrate loss causation because she is an "in-and-out" trader who sold all her shares prior to the corrective disclosure at the end of the class period. Specifically, Clarity sold all her shares by March 31, 2025. *See* Dkt. No. 12-1 (reporting that Clarity's "End-of-Class Shares Retained" was zero). This was seven days before the April 7, 2025 corrective disclosure alleged in this action. *See* Dkt. No. 1 ¶¶ 58-59 (setting forth the alleged corrective disclosure and resulting price decline under the heading "The Truth Emerges"). The Supreme Court has held that investors who sell their shares before the corrective disclosure cannot demonstrate loss causation. *See Dura*, 544 U.S. 336, at 342 ([I]f . . . the purchaser sells the shares . . . before the relevant truth begins to leak out, the misrepresentation will not have led to any loss."). For this reason, courts routinely decline to appoint in-and-out investors who sell their shares before the corrective disclosure as lead plaintiffs or class representatives. *See, e.g.*, *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 333-34 (S.D.N.Y. 2005) (reasoning that since "Decatur sold all its stock in January 2005, prior to the issuance of the curative disclosure on February 10, 2005," "I question whether Decatur [] can prove loss causation" and that "Decatur [] is, at the very least, subject to a unique defense"); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 241 (E.D.N.Y. 2011) ("[T]he Court finds that the Fund has failed to demonstrate that it will be an adequate lead plaintiff because it was a total in-and-out

4

trader and may be unable to demonstrate loss causation."); *Hurst v. Enphase Energy, Inc.*, 2020 WL 7025085, at *8 (N.D. Cal. Nov. 30, 2020) (disqualifying a movant in part because "only those who held Enphase stock through [the corrective disclosure] were harmed by the Defendants' alleged fraud"); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 40 (2d Cir. 2009) ("[W]e conclude that Plaintiffs have not presented sufficient evidence to demonstrate that the in-and-out traders will even 'conceivably' be able to prove loss causation as a matter of law, and that they therefore should not have been included in the certified class.") (citing *Dura*).

Because Clarity is subject to a unique defense, the presumption that the Clarity/Unlusoy Group is the most adequate plaintiff is rebutted. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb).

### III. UNLUSOY SHOULD NOT BE CONSIDERED INDIVIDUALLY FOR APPOINTMENT AS LEAD PLAINTIFF

Unlusoy moved for joint appointment with Clarity as co-lead plaintiffs. As such, the Court should not consider Unlusoy individually. *See Jakobsen v. Aphria, Inc.*, 2019 WL 1522598, at *4 (S.D.N.Y. Mar. 27, 2019) ("There are no separate motions to appoint any member of the Wan Group as lead plaintiff on an individual basis. As such, this Court does not consider whether each individual member of the Wan Group could be appointed as lead plaintiff."); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 624 n.4 (S.D.N.Y. 2015) (refusing to appoint a single group member because it "at no time sought to serve as an individual lead plaintiff"); *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008) ("The [] Group moved for lead plaintiff as a group and will be evaluated as such."); *Stitch Fix*, 393 F. Supp. 3d at 836 ("the Court declines to . . . consider their individual losses" because "the group members have not requested individual consideration"); *McDermid v. Inovio Pharm., Inc.*, 2020 WL 3288189, at *5 (E.D. Pa. June 18, 2020) ("That group motion is the one before the Court, and the Court will not retroactively amend it.") (citation omitted).

5

### IV. MCCLEAVE SHOULD BE APPOINTED AS LEAD PLAINTIFF BECAUSE HE IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF AND THE PRESUMPTION HAS NOT BEEN REBUTTED

Since the Clarity/Unlusoy Group is disqualified, McCleave is the only remaining *bona fide* lead plaintiff movant, and he satisfies all three requirements to be the presumptively most adequate plaintiff. Even if the Court were to consider Unlusov individually, McCleave has the largest financial interest as measured by the movants' losses: [3]

| Movant | Loss |
|---|---|
| ~~Clarity~~ | ~~$336,182~~ |
| McCleave | $183,588 |
| Unlusoy | $156,538 |

Since McCleave has the largest financial interest in the relief sought by the class, filed a timely motion for appointment as lead plaintiff (*see* Dkt. No. 7), and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure (*see* Dkt. No. 8 at 6-8), he is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Moreover, because no movant has presented (or could present) proof that McCleave is inadequate or subject to unique defenses, he should be appointed as lead plaintiff.

### V. MCCLEAVE'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, McCleave has selected Glancy Prongay & Murray LLP as lead counsel and Butler Curwood PLC as liaison counsel. The firms have the resources and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 8 at 8-9; Dkt. No. 9-4. The firms collectively have decades of experience successfully representing injured investors. *See id.* By approving McCleave's selection of counsel, the Court

---

[3] *See* Dkt. Nos. 9-3, 12-1 (the movants loss charts).

can be assured that the class will receive the highest caliber of legal representation. Accordingly, McCleave's selection of counsel for the class should be approved.

## VI.   CONCLUSION

For the foregoing reasons, McCleave respectfully requests that the Court enter an Order: (1) appointing McCleave as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel and Butler Curwood PLC as Liaison Counsel for the class; (3) denying the competing motion; and (4) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: July 29, 2025

**BUTLER CURWOOD PLC**

By: */s/ Paul M. Falabella*
Paul M. Falabella (VSB No. 81199)
Craig J. Curwood (VSB No. 43975)
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
Email: paul@butlercurwood.com
          craig@butlercurwood.com

*Liaison Counsel for Brian McCleave and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Brian McCleave and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847

                Facsimile: (215) 638-4867

*Additional Counsel*