UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| ANAS HAMZA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MICROSTRATEGY INCORPORATED d/b/a STRATEGY, MICHAEL J. SAYLOR, PHONG LE, and ANDREW KANG, <br><br> Defendants. | Case No.  1:25-cv-00861-AJT-WEF |

**MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF MICHELLE CLARITY AND MEHMET CIHAN UNLUSOY FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTION**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ........................................................................................................................... 4

    I.      THE COURT SHOULD APPOINT CLARITY AND UNLUSOY AS
            CO-LEAD PLAINTIFFS ................................................................................... 4

          A.     Clarity and Unlusoy Have the Largest Financial Interest. .......................... 5

          B.     Clarity and Unlusoy Satisfy the Applicable Requirements
               of Rule 23. ................................................................................................... 5

    II.     CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD
            BE APPROVED ................................................................................................ 11

    III.    THE COURT SHOULD DENY MCCLEAVE'S COMPETING MOTION ....... 11

CONCLUSION ...................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnet v. Elan Corp., PLC*,
   236 F.R.D. 158 (S.D.N.Y. 2005) .......................................................................................7, 10

*Bousso v. Spire Glob., Inc.*,
   No. 1:24-CV-01458-MSN-WEF, 2024 WL 4873311 (E.D. Va. Nov. 21, 2024).....................5

*Chamblee v. Terraform Power, Inc.*,
   No. PX 16-981, 2016 WL 4039178 (D. Md. July 28, 2016) .........................................2, 4, 6, 7

*China Agritech, Inc. v. Resh*,
   584 U.S. 732 (2018)..............................................................................................................3, 8

*DeLuca v. Instadose Pharma Corp.*,
   No. 2:21CV675 (RCY), 2022 WL 3020417 (E.D. Va. July 29, 2022)........................... *passim*

*Grad v. Ironnet, Inc.*,
   No. 122CV00449RDAJFA, 2022 WL 2789899 (E.D. Va. July 15, 2022) ..............................5

*Hirtenstein v. Cempra, Inc.*,
   Nos. 1:16cv1303 *et al.*, 2017 WL 2874588 (M.D.N.C. July 5, 2017)..................................4, 6

*Hodges v. Akeena Solar, Inc.*,
   263 F.R.D. 528 (N.D. Cal. 2009)........................................................................................4, 10

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017)........................8

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)................................................................................................3, 8

*In re Cree, Inc., Sec. Litig.*,
   219 F.R.D. 369 (M.D.N.C. 2003) ...........................................................................................6

*In re HEXO Corp. Sec. Litig.*,
   No. 19 Civ. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020) ..............................9

*In re Mersho*,
   6 F.4th 891 (9th Cir. 2021) .....................................................................................................8

*In re Microstrategy Sec. Litig.*,
   110 F. Supp. 2d 427 (E.D. Va. 2000) ................................................................................5, 11

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
219 F.R.D. 343 (D. Md. 2003)................................................................................2, 6

*Johnson v. Pozen, Inc.*,
No. 1:07CV599, 2008 WL 474334 (M.D.N.C. Feb. 15, 2008) .........................................2, 6, 7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) ...............................................................................11

*Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*,
No. 2:11-CV-289, 2012 WL 12985571 (D. Vt. Apr. 27, 2012) ................................................9

*Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*,
No. PWG-21-1189, 2021 WL 6072812 (D. Md. Dec. 23, 2021) .................................... *passim*

*Peters v. Jinkosolar Holding Co.*,
No. 11 CIV. 7133 JPO, 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012)......................................10

*Rice v. Genworth Fin. Inc.*,
No. 3:17CV59, 2017 WL 3699859 (E.D. Va. Aug. 25, 2017) ..................................................7

*Robb v. Fitbit Inc.*,
No. 16-CV-00151-SI, 2016 WL 2654351 (N.D. Cal. May 10, 2016) ........................................8

*Sabbagh v. Cell Therapeutics, Inc.*,
No. C10-414MJP, 2010 WL 3064427 (W.D. Wash. Aug. 2, 2010).........................................10

*Tchatchou v. India Globalization Cap., Inc.*,
No. 8:18-CV-03396-PWG, 2019 WL 1004591 (D. Md. Feb. 28, 2019).............................7, 8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008).......................................................................11

**Statutes**

15 U.S.C. § 78u-4 .......................................................................................... *passim*

Securities Exchange Act of 1934.................................................................................6

Private Securities Litigation Reform Act of 1995 .................................................. *passim*

**Rules**

Fed. R. Civ. P. 23.......................................................................................... *passim*

Co-Lead Plaintiff Movants Clarity[1] and Unlusoy respectfully submit this memorandum of law in further support of their motion for appointment as Co-Lead Plaintiffs and approval of their selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel (Dkt. No. 10); and in opposition to the competing motion of Brian McCleave ("McCleave") (Dkt. No. 7).

## PRELIMINARY STATEMENT

This Action is a putative class action securities fraud lawsuit on behalf of investors in Strategy securities. As with all federal class action securities fraud lawsuits, lead plaintiffs must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as lead plaintiff the movant or group of movants with the largest financial interest in the outcome of the Action; and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, those movants are Clarity and Unlusoy, who collectively incurred losses of approximately $492,720 in connection with their Class Period transactions in Strategy securities. *See* Dkt. No. 12-1. Although the PSLRA does not define "financial interest," courts in the Fourth Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered. *See DeLuca v. Instadose Pharma Corp.*, No. 2:21CV675 (RCY), 2022 WL 3020417, at *3 (E.D. Va. July 29, 2022) (equating financial interest with monetary loss); *Palm Tran, Inc. - Amalgamated Transit Union Loc. 1577 Pension Plan v. Emergent Biosolutions Inc.*, No. PWG-21-1189, 2021 WL 6072812, at *4-5 (D. Md. Dec. 23, 2021) (recognizing loss "is widely considered the most important" financial interest factor and assessing financial interest on that basis). The table below sets forth the respective claimed losses of the competing movants:

---

[1] All capitalized terms herein are defined in Clarity and Unlusoy's moving brief, unless otherwise indicated. *See* Dkt. No. 11.

1

| Movant | Loss |
|--------|------|
| Clarity and Unlusoy | $492,720 |
| McCleave | $183,588 |

As the above table reflects, Clarity and Unlusoy's losses are more than twice as large as those claimed by McCleave, the only competing movant seeking appointment as lead plaintiff. Further, Clarity *individually* incurred losses of $336,182 (*see* Dkt. No. 12-1), which is likewise significantly larger than McCleave's alleged losses. Accordingly, Clarity and Unlusoy clearly possess the largest financial interest in this Action within the meaning of the PSLRA among those seeking appointment as lead plaintiff.

In addition to their considerable financial interest, Clarity and Unlusoy readily satisfy Rule 23's typicality and adequacy requirements. Their claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Royal Ahold N.V. Sec. & ERISA Litig.*, 219 F.R.D. 343, 350 (D. Md. 2003); *Johnson v. Pozen, Inc.*, No. 1:07CV599, 2008 WL 474334, at *2 (M.D.N.C. Feb. 15, 2008). Clarity and Unlusoy's significant losses give them a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, they are aware of no conflict between their interests and those of the Class, and they have selected and retained counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel and Liaison Counsel for the Class. *See Pozen*, 2008 WL 474334, at *2; *Chamblee v. Terraform Power, Inc.*, No. PX 16-981, 2016 WL 4039178, at *2 (D. Md. July 28, 2016).

Moreover, as a cohesive duo of likeminded investors, each of whom incurred significant losses as a result of the alleged fraud, Clarity and Unlusoy constitute exactly the kind of small and cohesive group that the PSLRA expressly permits and courts in the Fourth Circuit, including this District, routinely appoint to serve as co-lead plaintiffs in securities class actions. *See* 15 U.S.C.

§ 78u-4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person **or group** of persons that . . . has the largest financial interest in the relief sought by the class." (emphasis added)); *Instadose*, 2022 WL 3020417, at \*4 (appointing movant duo with no pre-litigation relationship, noting "[t]he Court has previously accepted small groups to be lead plaintiffs in similar actions"); *Emergent*, 2021 WL 6072812, at \*5 (appointing movant duo, finding "[n]ot having a pre-litigation relationship does not disqualify a group, and the parties here represent that they chose to work together based on their mutual shared interests in maximizing the Class's recovery" (internal quotation marks omitted)); *see also China Agritech, Inc. v. Resh*, 584 U.S. 732, 742 n.3 (2018) ("District courts often permit aggregation of plaintiffs into plaintiff groups[.]"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).

Further demonstrating their adequacy, Clarity and Unlusoy have submitted with their motion papers a detailed Joint Declaration, attesting to, *inter alia*, their respective backgrounds and investing experience, their understanding of this litigation generally and the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, a meaningful explanation of their reasons for seeking appointment jointly as Co-Lead Plaintiffs, and their readiness to collaboratively shoulder the responsibilities of lead plaintiffs under the PSLRA, including by overseeing the efforts of counsel. *See generally* Dkt. No. 12-4. Courts in the Fourth Circuit, including this District, routinely appoint more than one investor as co-lead plaintiffs under such circumstances. *See, e.g.*, *Instadose*, 2022 WL 3020417, at \*4 (appointing group "comprised of only two individuals" with no pre-litigation relationship that "have filed a declaration outlining their cooperation and communication plan"); *Emergent*, 2021 WL 6072812, at \*5-6 (appointing movant duo with no pre-litigation relationship that

3

"submitted a joint declaration attesting to [*inter alia*] their discussions . . . with counsel regarding their joint motion, their understanding of their responsibilities, and their readiness to take on those responsibilities"). This is especially true where a member of the group—here, Clarity—individually incurred the largest losses among the competing movants. *See Instadose*, 2022 WL 3020417, at *4 ("The most important factor to the Court is that the Group contains the individual with the largest loss among all movants."); *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 533 (N.D. Cal. 2009) (appointing group, noting "it is not necessary for the members of the [group] to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself").

For the reasons set forth herein, Clarity and Unlusoy respectfully submit that the Court should grant their motion in its entirety and deny McCleave's competing motion.

## ARGUMENT

I.  **THE COURT SHOULD APPOINT CLARITY AND UNLUSOY AS CO-LEAD PLAINTIFFS**

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movants with the largest financial interest must only make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23. *See Terraform*, 2016 WL 4039178, at *2; *Hirtenstein v. Cempra, Inc.*, Nos. 1:16cv1303 *et al.*, 2017 WL 2874588, at *4 (M.D.N.C. July 5, 2017). Once this presumption is triggered, it may be rebutted only upon "***proof***" that the presumptive lead plaintiffs will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representatives are Clarity and Unlusoy.

4

### A.    Clarity and Unlusoy Have the Largest Financial Interest.

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in the Fourth Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered. *See Instadose*, 2022 WL 3020417, at *3 (equating financial interest with monetary loss); *Grad v. Ironnet, Inc.*, No. 122CV00449RDAJFA, 2022 WL 2789899, at *3 (E.D. Va. July 15, 2022) (same); *In re Microstrategy Sec. Litig.*, 110 F. Supp. 2d 427, 434, 436 (E.D. Va. 2000) (same); *Bousso v. Spire Glob., Inc.*, No. 1:24-CV-01458-MSN-WEF, 2024 WL 4873311, at *4 (E.D. Va. Nov. 21, 2024) ("finding that courts generally consider . . . financial loss[] to be the most significant" financial interest factor and assessing financial interest on that basis); *Emergent*, 2021 WL 6072812, at *4-5 (same).

Under the foregoing analysis, Clarity and Unlusoy clearly possess a larger financial interest in this Action than McCleave, the only competing movant. As the chart at p. 2 reflects, Clarity and Unlusoy incurred collective losses of approximately $492,720 (*see* Dkt. No. 12-1)—nearly twice as large as those allegedly incurred by McCleave ($183,588 (*see* Dkt. No. 9-3)). Indeed, Clarity's losses ***alone*** ($336,182 (*see* Dkt. No. 12-1)) dwarf those allegedly incurred by McCleave. Accordingly, Clarity and Unlusoy clearly possess the largest financial interest in this Action among those seeking appointment as lead plaintiff.

### B.    Clarity and Unlusoy Satisfy the Applicable Requirements of Rule 23.

In addition to possessing the largest financial interest in the outcome of this Action—and thus being the statutorily presumed "most adequate" plaintiffs (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb))—Clarity and Unlusoy have plainly made the requisite *prima facie* showing

5

that they satisfy Rule 23's typicality and adequacy requirements.  *See Terraform*, 2016 WL 4039178, at *2 (appointing movant duo as co-lead plaintiffs that "made a *prima facie* showing that they meet the typicality and adequacy requirements under Rule 23"); *Cempra*, 2017 WL 2874588, at *4 (finding "'[a] presumptive lead plaintiff need make only a prima facie showing that it can satisfy the typicality and adequacy requirements of Rule 23'" and finding unrelated investor group met these requirements (alteration in original) (quoting *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003))).

Clarity and Unlusoy's claims in this Action satisfy the typicality requirement of Rule 23(a)(3) because they are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See Royal*, 219 F.R.D. at 350; *Pozen*, 2008 WL 474334, at *2. Clarity and Unlusoy allege, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Strategy, or by omitting to state material facts necessary to make the statements they did make not misleading.  Clarity and Unlusoy, like other Class members, purchased Strategy stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosures of those misrepresentations and/or omissions that drove Strategy's stock price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).  *See Royal*, 219 F.R.D. at 350; *Pozen*, 2008 WL 474334, at *2.

Likewise, Clarity and Unlusoy satisfy the adequacy requirement of Rule 23(a)(4) because their significant losses give them a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class, they are aware of no conflict between their interests and those of

6

the Class, and as discussed in greater detail below, they have selected and retained counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel and Liaison Counsel for the Class. *See Pozen*, 2008 WL 474334, at \*2; *Terraform*, 2016 WL 4039178, at \*2.

Moreover, Clarity and Unlusoy are a cohesive pair of likeminded investors who chose to work together based on their mutual shared interests, and each of whom incurred significant losses as a result of the alleged fraud. They therefore constitute an appropriate movant duo of the type expressly permitted by the PSLRA and routinely appointed to serve as co-lead plaintiffs in PSLRA actions, including in the Fourth Circuit, this District specifically, and around the country. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) ("[T]he most adequate plaintiff . . . is the person ***or group*** of persons that . . . has the largest financial interest in the relief sought by the class." (emphasis added)); *Instadose*, 2022 WL 3020417, at \*4 (appointing movant duo with no pre-litigation relationship, noting "[t]he Court has previously accepted small groups to be lead plaintiffs in similar actions"); *Rice v. Genworth Fin. Inc.*, No. 3:17CV59, 2017 WL 3699859, at \*13 n.14 (E.D. Va. Aug. 25, 2017) (appointing movant duo with no pre-litigation relationship where they chose to work together "based on [their] mutual shared interests"); *Emergent*, 2021 WL 6072812, at \*5 (appointing movant duo, finding "[n]ot having a pre-litigation relationship does not disqualify a group, and the parties here represent that they chose to work together based on their mutual shared interests in maximizing the Class's recovery" (internal quotation marks omitted)); *Tchatchou v. India Globalization Cap., Inc.*, No. 8:18-CV-03396-PWG, 2019 WL 1004591, at \*7-9 (D. Md. Feb. 28, 2019) (appointing group of seven as lead plaintiff under the PSLRA); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the

7

largest financial interest as lead plaintiffs); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff." (citation omitted)).    Indeed, in *China Agritech*, the Supreme Court affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups[.]" 584 U.S. at 742 n.3.    More recently, in *In re Mersho*, the Ninth Circuit Court of Appeals likewise held that "the [PSLRA] expressly allows a 'group of persons' to move for appointment" as lead plaintiff.    6 F.4th 891, 899 (9th Cir. 2021).

Further, courts in the Fourth Circuit, including this District, and around the country routinely find movant groups to be adequate where, as here, they have robustly demonstrated their cohesiveness via a detailed Joint Declaration.    *See, e.g.*, *Instadose*, 2022 WL 3020417, at *4 (appointing group "comprised of only two individuals" with no pre-litigation relationship that "have filed a declaration outlining their cooperation and communication plan"); *Emergent*, 2021 WL 6072812, at *5-6 (appointing movant duo with no pre-litigation relationship that "submitted a joint declaration attesting to [*inter alia*] their discussions . . . with counsel regarding their joint motion, their understanding of their responsibilities, and their readiness to take on those responsibilities"); *India Globalization*, 2019 WL 1004591, at *8 (appointing seven-person investor group consisting of related and unrelated investors that submitted a declaration that "signals to [the court] that [the group]'s members are prepared to play an active role in this litigation and to monitor the actions of their selected counsel"); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group of four unrelated investors that submitted a declaration attesting "it is prepared to work cooperatively to serve the best interests of the class"); *Robb v. Fitbit Inc.*, No. 16-CV-00151-SI, 2016 WL 2654351, at *4, *7 (N.D. Cal. May 10, 2016) (appointing group of five unrelated investors that

8

submitted a joint declaration "stat[ing] that the individual members have discussed the responsibilities of acting as lead plaintiff, will stay in regular communication with counsel and with each other, and will make decisions by consensus"); *Louisiana Mun. Police Employees' Ret. Sys. v. Green Mountain Coffee Roasters, Inc.*, No. 2:11-CV-289, 2012 WL 12985571, at *3 (D. Vt. Apr. 27, 2012) (finding joint declaration "sufficient to assure the Court that the [lead] plaintiffs will effectively manage the litigation").

Here, Clarity and Unlusoy have submitted a detailed Joint Declaration in which they, *inter alia*:

- Provide detailed information about themselves, including their educational and professional backgrounds, cities and states of residence, ages, and investment experience (*see* Dkt. No. 12-4 ¶¶ 2-3);

- Explain their reasons for seeking appointment jointly as co-lead plaintiffs (*id.* ¶ 9) ("We each determined that we could ***maximize the Class's recovery by pooling our respective resources and experience*** by jointly seeking appointment as Co-Lead Plaintiffs. After reviewing the allegations pleaded in the complaint and consulting with our counsel, we each independently determined to seek joint appointment as Co-Lead Plaintiffs, and subsequently approved the filing of a joint motion seeking our appointment as Co-Lead Plaintiffs. We agree that ***our collective resources and our ability to engage in joint decision-making will materially benefit and advance the interests of the Class*** in this case. (emphases added)); and

- Attest in detail to their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, and their readiness to undertake those responsibilities (*id.* ¶¶ 4-7, 11-13).[2]

---

[2] In stark contrast to Clarity and Unlusoy's robust adequacy and typicality proffer, apart from his financial interest, McCleave has failed to provide even an iota of information about himself, such as, *inter alia*, his educational or professional background, his city or state of residence, his age or investment experience, or whether he is even aware of the obligations of lead plaintiffs appointed pursuant to the PSLRA. Accordingly, he has failed to provide any meaningful information about himself for the Court to consider in evaluating his adequacy, which is sufficient reason to deny his motion. *See In re HEXO Corp. Sec. Litig.*, No. 19 Civ. 10965 (NRB), 2020 WL 5503634, at *1 (S.D.N.Y. Sept. 11, 2020) ("[A]mple case law supports what one would have thought is an uncontroversial point—namely, that even a preliminary showing of adequacy requires a threshold amount of information regarding an individual movant's background and sophistication.").

9

Additionally, investor groups are particularly appropriate where a member of the group—here, Clarity, as discussed *supra* in Section I.A.—individually incurred the largest losses among the competing movants. *See Instadose*, 2022 WL 3020417, at *4 ("The most important factor to the Court is that the Group contains the individual with the largest loss among all movants."); *Akeena*, 263 F.R.D. at 533 (appointing group, noting "it is not necessary for the members of the [group] to aggregate themselves in order to overcome the largest stake requirement—one of its members could meet that requirement by herself"); *Peters v. Jinkosolar Holding Co.*, No. 11 CIV. 7133 JPO, 2012 WL 946875, at *9 (S.D.N.Y. Mar. 19, 2012) (finding group appropriate where, *inter alia*, "the group comprises the class members with, far and away, the largest financial interest of any individual or group"); *Elan*, 236 F.R.D. at 162 ("Neither is there any evidence that the [movant g]roup was formed in bad faith. Indeed, even were the Court to deconstruct the Group, two of its individual members would still have the 'largest financial interest'"); *Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP, 2010 WL 3064427, at *7 (W.D. Wash. Aug. 2, 2010) ("The Court's confidence . . . is further bolstered by the fact that it does not appear that this group was assembled merely for the purpose of aggregating their losses in order to surpass the financial interests of any of the other applicants. In actuality, two of the members . . . have *individual losses* . . . which exceed the financial interests of all other applicants[.]" (emphasis in original)).

\* \* \* \*

Because Clarity and Unlusoy have the largest financial interest in the relief sought by the Class and otherwise satisfy the applicable requirements of Rule 23, they are the presumptive "most adequate" plaintiffs within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To overcome the strong presumption entitling them to appointment as Co-Lead Plaintiffs, the PSLRA requires "***proof***" that they are inadequate. *Id.* § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such

10

proof exists in this case and any arguments to the contrary should be flatly rejected.

## II.    CO-LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiffs to select and retain counsel for the Class, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Microstrategy*, 110 F. Supp. 2d at 438 ("[A] district court should approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources[.]"); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))).

Here, Clarity and Unlusoy have selected Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.  As their respective resumes reflect, these firms' attorneys are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. Nos. 12-5, 12-6.  Thus, the Court may be assured that by approving Clarity and Unlusoy's selection of counsel, the members of the Class will receive the best legal representation available.

## III.    THE COURT SHOULD DENY MCCLEAVE'S COMPETING MOTION

As discussed further in Section I.A., *supra*, McCleave cannot claim the largest financial interest in this Action, whether considering Clarity and Unlusoy's losses in the aggregate or Clarity's losses alone.  This fact alone mandates denial of McCleave's competing motion (Dkt. No. 7).

11

## CONCLUSION

For the foregoing reasons, Clarity and Unlusoy respectfully request that the Court issue an Order: (1) appointing Clarity and Unlusoy as Co-Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel and Cohen Milstein as Liaison Counsel for the Class.

Dated:  July 29, 2025

Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/s/ Steven J. Toll*
Steven J. Toll (Va. Bar No. 15300)
Daniel S. Sommers
(*pro hac vice* application forthcoming)
S. Douglas Bunch
(*pro hac vice* application forthcoming)
1100 New York Avenue, N.W. Suite 800
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Counsel for Co-Lead Plaintiff Movants Michelle Clarity and Mehmet Cihan Unlusoy and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Co-Lead Plaintiff Movants Michelle Clarity and Mehmet Cihan Unlusoy and Proposed Lead Counsel for the Class*

12

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Co-Lead Plaintiff Movants Michelle Clarity and Mehmet Cihan Unlusoy*

13

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 29, 2025.

> */s/ Steven J. Toll*
> Steven J. Toll (Va. Bar No. 15300)

14