IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| | ) |
| IN RE MICROSTRATEGY INCORPORATED D/B/A STRATEGY SECURITIES LITIGATION | ) ) ) Civil Action No. 1:25-cv-00861-AJT-WEF ) ) |

## ORDER
PRETRIAL ORDER #1
Appointment of Counsel and Lead Plaintiff and General Matters

Before the Court is Plaintiff Michelle Clarity and Mehmet Cihan Unlusoy's Motion for Appointment as Co-lead Plaintiffs and Approval of Selection of Counsel, [Doc. No. 10] (the "Motion"), and the Parties Joint Stipulation and Proposed Order, [Doc. No. 17] (the "Stipulation"). Upon consideration of the Motion, the memorandum and exhibits submitted in support thereof, and the Stipulation, it is hereby

**ORDERED** that Lead Plaintiffs may file any first amended complaint within fourteen (14) days of the date of this Order; and it is further

**ORDERED** that Defendant may file any response to the first amended complaint within twenty-one (21) days of the filing of any first amended complaint; and it is further

**ORDERED** that the Motion is **GRANTED**; and **IT IS HEREBY ORDERED THAT**:

1.      Having reviewed all pending motions and accompanying memoranda of law, the Court hereby appoints Michelle Clarity ("Clarity") and Mehmet Cihan Unlusoy ("Unlusoy") as Co-Lead Plaintiffs in the above-captioned action (the "Action"). Clarity and Unlusoy satisfy the requirements for appointment as Co-Lead Plaintiffs pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

1

2.      Co-Lead Plaintiffs, pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, have selected and retained Pomerantz LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Class in the Action.

3.      Lead Counsel shall proceed to discharge the duties and obligations of Plaintiffs' Lead Counsel, including:

   i.     Determine how and through which counsel to present to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

   ii.    Receive, on behalf of the plaintiffs, all papers filed by the Court, including notices, orders, motions, and briefs, as well as all papers filed by Defendants' Counsel;

   iii.   Serve Defendants' Counsel with all papers, including discovery requests and deposition notices;

   iv.    Schedule and convene meetings for the various counsel and the Court, upon the Court's request, including the obligation to use reasonable efforts to resolve any scheduling conflicts that arise among various counsel and the Court;

   v.     Prepare and distribute periodic status reports to the parties;

   vi.    Determine and coordinate how discovery is to be conducted on behalf of plaintiffs, including, without limitation, the preparation of joint interrogatories, requests for production of documents, requests for admission, and subpoenas, and the examination of witnesses in deposition;

   vii.   Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

   viii.  Delegate specific tasks to other counsel, as authorized by the Court, in a manner to ensure that the pretrial preparation for the plaintiffs is conducted efficiently and effectively and is assigned fairly and appropriately among counsel who wish to assume responsibilities for conducting pre-trial matters on behalf of all plaintiffs. In that regard, no attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings; and, subject to further Orders, as may be necessary, any attorney may suggest questions to be posed to deponents. Any plaintiff's counsel who believes that the particular interests of his or her client are not being adequately served in common discovery should seek the assistance of the Court after exhausting efforts to resolve any such disputes through Plaintiffs' Lead Counsel;

2

ix.     Enter into stipulations with opposing counsel as necessary for the conduct of litigation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he or she knows, or should have reasonably become aware, of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party;

x.      Maintain adequate time and disbursement records covering services as Lead Counsel; establish adequate procedures to accurately record and report time and expenditures by other counsel; and submit periodic summaries to the Court for its review. In this regard, the Court has under consideration whether to utilize the services of an outside accountant to assist the Court on an on-going basis;

xi.     Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

xii.    Perform such other duties as the Court may direct.

4.      No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel.

5.      Every pleading in this Action, and any related action that is consolidated with this Action, shall hereafter bear the following caption: IN RE MICROSTRATEGY INCORPORATED d/b/a STRATEGY SECURITIES LITIGATION, No. 1:25-cv-861-AJT-WEF. The file in Case No. 1:25-cv-861-AJT-WEF shall be the master file for the civil action. All securities class actions on behalf of purchasers arising out of the same or substantially similar subject matter subsequently filed in, or transferred to, this District shall be consolidated into this civil action. This Order shall apply to every such action, absent an order of the Court. A party objecting to such consolidation, or to any other provisions of this Order, must file an application for relief from this Order within ten days after the later-filed action is consolidated into this civil action.

3

6.    Counsel in any related action that is consolidated with this Action shall be bound by the organization of plaintiffs' counsel as set forth herein.

7.    Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

8.    Lead Counsel shall be the contact between plaintiffs' counsel and shall direct and coordinate the activities of plaintiffs' counsel.

9.    Defendants shall effect service of papers on plaintiffs by serving a copy of same on Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiffs shall effect 3 service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

10.    During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information, and materials such as computerized data and electronic mail, containing information which is relevant, or which may lead to the discovery of information relevant, to the subject matter of the pending litigation.

11.    The communication of information among and between plaintiffs' counsel or among and between defendants' counsel shall not be deemed a waiver of any privilege or protection that would otherwise be afforded. Likewise, communications between Lead Counsel, or their representatives, and the cooperative efforts between them, as contemplated in this Order in discharge of their duties and obligations as Lead Counsel, shall not be deemed a waiver of any privilege or protection that would otherwise be afforded, unless reflected in a writing signed by all Lead Counsel; nor shall any communications among counsel be used by or against any plaintiff or defendant. Nothing contained in this Order shall be construed to limit the rights of any party or

4

counsel to assert the attorney-client privilege, attorney work product doctrine, common interest privilege, or any other privilege that would otherwise be afforded.

12.    Unless otherwise authorized by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel.  Neither the parties nor counsel should contact the Court *ex parte*. Any contact with the Court on any substantive matter shall be by motion or letter. To expedite procedural and scheduling matters, Lead Counsel or their designees may contact Chambers in a joint call, although the Court advises that they should do so only when necessary to advance the resolution of an issue.  In order to properly advance the resolution of this case, the Court may find it helpful from time to time to meet with or communicate with counsel *ex parte* and/or off the record. The Court would provide advance notice to Lead Counsel of its intention to do so with an opportunity for any objections.

The Clerk is directed to forward copies of this Order to all counsel of record.

Alexandria, Virginia
August 5, 2025

/s/

Anthony J. Trenga
Senior United States District Judge

5